Marshall A. Lerner (State Bar No. 55,224)
mlerner@kleinberglerner.com
Steven J. Kim (State Bar No. 297,235)
skim@kleinberglerner.com
Vivian Z. Wang (State Bar No. 289,870)
vwang@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorney for Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SKECHERS U.S.A., INC., a Delaware Corporation, and SKECHERS U.S.A., INC. II, a Delaware Corporation | Case No.: |
| | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| Plaintiffs, | |
| v. | **(1)   PATENT INFRINGEMENT [35 U.S.C. § 271];** |
| | **(2)   FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT [15 U.S.C. § 1125(a)];** |
| FILA U.S.A. INC., a Delaware Corporation, and Does 1 – 10 inclusive, | |
| Defendants. | **(3)   FEDERAL DILUTION [15 U.S.C. § 1125(c)];** |
| | **(4)   COMMON LAW UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") for their complaint against defendant Fila U.S.A. Inc. ("Fila" or "defendant"), allege as follows:

## PARTIES

1.     Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

2.     Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.  Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

3.     On information and belief, Defendant Fila U.S.A. Inc. is a Delaware corporation having an office and place of business at 1 Fila Way, Sparks, Maryland 21152.

4.     Defendants Does 1 – 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Skechers.  When their true names and capacities are ascertained, Skechers will amend this complaint by inserting their true names and capacities.  Skechers is informed and believes and thereon alleges, that Does 1 – 10, and each of them are responsible in some manner for the occurrences alleged herein and that Skechers' damages were proximately caused by such defendants.

## JURISDICTION AND VENUE

5.     Jurisdiction in this Court arises under the patent laws of the United States, 35 U.S.C. §§271 and 289 and the provisions of 15 U.S.C. §§1121 and 1125.  This complaint also alleges violations of state law and common law.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(a) and (b), 1367(a), and 1400(b).

-1-

6.     This Court has personal jurisdiction over defendants because they have committed one or more of the infringing acts complained of herein in California and in this district, they have multiple sales outlets in California and in this district, and they do regular business in California and in this district.

7.     Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the claims arose in this district.

## NATURE OF THE ACTION

8.     This is an action for design patent infringement, trade dress infringement, dilution, and unfair competition.

9.     Skechers is a multi-billion-dollar global leader in the lifestyle footwear industry.  Skechers is also a high-performance footwear brand and a world leader in designing cutting-edge footwear.  It has invested and spent hundreds of millions of dollars creating and promoting its new shoe designs.  One such new ornamental design is embodied in its SKECHERS GO WALK® shoe.  The SKECHERS GO WALK® shoe has been heavily advertised on TV, in magazines, and the Internet.  In approximately the last year alone, Skechers has spent more than $10 million promoting, marketing and advertising its SKECHERS GO WALK® shoe.  The shoe has been featured in several widely aired television commercials and has been the subject of a number of magazine articles.  The innovative design of the SKECHERS GO WALK® shoe has significantly contributed to the success of the Skechers GO series of footwear culminating in a Brand of the Year award from Footwear News in late 2013.  *See* Exhibit 1.  The fame and popularity of the SKECHERS GO WALK® shoe can be measured by the fact that millions of pairs of SKECHERS GO WALK® shoes have been sold since its introduction on the market.

10.    Skechers incorporated a new and unique trade dress into the design of its SKECHERS GO WALK® shoe in order to identify that shoe as emanating from a single source.

-2-

11.    The United States Patent and Trademark Office has acknowledged the novel, non-obvious, and ornamental appearance of the shoe upper of the SKECHERS GO WALK® shoe by issuing U.S. Patent Nos. D661,884 S (Exhibit 2, the " '884 patent") and D688,446 S (Exhibit 3, the " '446 patent") therefore to Skechers.

12.    Defendant Fila has been, and presently is, willfully infringing the SKECHERS GO WALK® shoe trade dress.

13.    Defendant Fila has been, and presently is, willfully infringing the '884 patent and the '446 patent by making and selling shoes that embody the patented invention disclosed in those patents.

14.    Defendant Fila's infringing shoes include, at least, the models identified by Fila as the AMAZEN MEMORY MOC shoe.  Defendant Fila's AMAZEN MEMORY MOC shoe infringes Skechers' SKECHERS GO WALK® shoe trade dress.  Defendant's conduct is likely to cause confusion, mistake and deception among the general purchasing public.  Defendant has profited and is profiting from such trade dress infringement and unfair competition.

15.     Before filing this action, plaintiff Skechers gave written notice of its claims of infringement and unfair competition to defendant Fila and requested that Fila discontinue its infringement and unfair competition through a letter dated July 19, 2013.

16.    On or about August 20, 2013, defendant Fila agreed to cease making the AMAZEN MEMORY MOC model referenced in Skechers' July 19, 2013 letter ("Version 1").  Fila further stated that it has redesigned its AMAZEN MEMORY MOC shoe (presumably "Version 2").

17.    Despite such notice, defendant Fila continues to willfully, wantonly and deliberately engage in acts of patent infringement, trade dress infringement, dilution, and unfair competition with its AMAZEN MEMORY MOC shoe.

## SKECHERS' SKECHERS GO WALK® SHOE UPPER
## DESIGN PATENTS

18.     The United States Patent and Trademark Office has acknowledged the novel, non-obvious, and ornamental appearance of the shoe upper of the SKECHERS GO WALK® shoe by issuing U.S. Patent Nos. D661,884 S (Exhibit 2, the " '884 patent") and D688,446 S (Exhibit 3, the " '446 patent") therefore to Skechers.

19.     Defendant's infringement of the '884 patent can be seen in the comparison below which shows sample figures of the shoe upper from the '884 patent next to defendant's AMAZEN MEMORY MOC shoe upper.

| | |
|---|---|
| **SKECHERS**<br>**U.S. DESIGN PATENT**<br>**D661,884 S** |  |
| **FILA**<br>**AMAZEN MEMORY**<br>**MOC**<br>**(Version 1)** |  |
| **FILA**<br>**AMAZEN MEMORY**<br>**MOC**<br>**(Version 2)** |  |

| | |
|---|---|
| **SKECHERS U.S. DESIGN PATENT D661,884 S** |  |
| **FILA AMAZEN MEMORY MOC (Version 1)** |  |
| **FILA AMAZEN MEMORY MOC (Version 2)** |  |

-5-

20.    Defendant's infringement of the '446 patent can be seen in the comparison below which shows sample figures of the shoe upper from the '446 patent next to defendant's AMAZEN MEMORY MOC shoe upper.

|  **SKECHERS U.S. DESIGN PATENT D688,446 S** |  |
| **FILA AMAZEN MEMORY MOC (Version 1)** | |
| **SKECHERS U.S. DESIGN PATENT D688,446 S** |  |
| **FILA AMAZEN MEMORY MOC (Version 1)** | |

-6-

| SKECHERS U.S. DESIGN PATENT PATENT D688,446 S |  |
| --- | --- |
| FILA AMAZEN MEMORY MOC (Version 1) |  |

-7-

**SKECHERS GO WALK® SHOE TRADE DRESS AND DILUTION**

21.    Skechers created a new and unique trade dress embodied in the SKECHERS GO WALK® shoe.

22.    An example of the SKECHERS GO WALK® shoe trade dress is shown in the following photographs:





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Fig. 1 - SKECHERS GO WALK® Shoe Trade Dress

23.     This SKECHERS GO WALK® shoe trade dress has an ornamental configuration that uniquely identifies the shoe as emanating from a single source, namely, Skechers.  As can be seen in the following photographs, the distinctive ornamental features of the SKECHERS GO WALK® shoe trade dress are (1) the unique curvature outline in flat lock stitching emanating from the lateral side of the toe cap and terminating in the mid-foot area in a downward curve along the lateral side of the shoe upper (outlined in green in Fig. 2), (2) the unique curvature outline in flat lock stitching emanating from the medial side of the toe cap and terminating in the mid-foot area in a downward curve along the medial side of the shoe upper (outlined in green in Fig. 3), (3) the distinct curvature outline in flat lock stitching on both the medial and lateral sides of the heel area (outlined in green in Fig. 4), (4) the reduced toe cap edging at the edge of the upper toe line (as indicated by a green oval in Fig. 5), and (5) the iconic portal hole in the back of the shoe (as indicated by a green rectangle in Fig. 6):

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Fig. 2 - SKECHERS GO WALK® Unique Curvature Outline In Flat Lock Stitching Emanating From The Lateral Side Of The Toe Cap And Terminating In The Mid-Foot Area In A Downward Curve Along The Lateral Side Of The Shoe Upper (Outlined In Green)



Fig. 3 - SKECHERS GO WALK® Unique Curvature Outline In Flat Lock Stitching Emanating From The Medial Side Of The Toe Cap And Terminating In The Mid-Foot Area In A Downward Curve Along The Medial Side Of The Shoe Upper (Outlined In Green)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12



13   Fig. 4 - SKECHERS GO WALK® Distinct Curvature Outline In Flat Lock Stitching On

14   Both The Medial And Lateral Sides Of The Heel Area (Outlined In Green)

15
16
17
18
19
20
21
22
23
24
25



26   Fig. 5 - SKECHERS GO WALK® Reduced Toe Cap Edging At The Edge Of The Upper

27   Toe Line (As Indicated By A Green Oval)

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON
LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Fig. 6 - SKECHERS GO WALK® Iconic Portal Hole In The Back Of The Shoe
(Indicated By A Green Rectangle)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON
LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

24.     The unique ornamental appearance of the SKECHERS GO WALK® shoe trade dress, combined with Skechers' extensive advertising, promotion, and sales, has resulted in the SKECHERS GO WALK® shoe acquiring distinctiveness among shoe buyers.  In the mind of the typical shoe buyer, the SKECHERS GO WALK® shoe trade dress is believed to emanate from a single source, namely, Skechers.  This acquired distinctiveness is protectable, proprietary trade dress owned exclusively by Skechers.

25.     Rather than undertake the hard work and financial risks involved in developing their own shoe trade dress, defendant simply copied Skechers' SKECHERS GO WALK® shoe trade dress.  In this regard, Version 1 of defendant's AMAZEN MEMORY MOC shoe is shown below.



-13-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL



Fig. 7 - Defendant Fila's AMAZEN MEMORY MOC Shoe

26.     As can be seen in the photographs below, Version 1 of defendant's AMAZEN MEMORY MOC shoe bears (1) the same the unique curvature outline in flat lock stitching emanating from the lateral side of the toe cap and terminating in the mid-foot area in a downward curve along the lateral side of the shoe upper (depicted by the red and green rectangles in Figs. 8(a) and 8(b)), (2) the same unique curvature outline in flat lock stitching emanating from the medial side of the toe cap and terminating in the mid-foot area in a downward curve along the medial side of the shoe upper (depicted by the red and green rectangles in Figs. 9(a) and 9(b)), (3) the same distinct curvature outline in flat lock stitching on both the medial and lateral sides of the heel area (depicted by the red and green rectangles in Figs. 10(a) and 10(b)), (4) the same reduced toe cap edging at the edge of the upper toe line (as indicated by the red and green ovals in Figs. 11(a) and 11(b)), and (5) an exact copy of the iconic portal hole in the back of the shoe (as indicated by the red and green rectangles in Figs. 12(a) and 12(b)):

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8



9
10
11
12
13

Fig. 8(a) - Fila AMAZEN MEMORY MOC's Curvature Outline In Flat Lock Stitching Emanating From The Lateral Side Of The Toe Cap And Terminating In The Mid-Foot Area In A Downward Curve Along The Lateral Side Of The Shoe Upper (Depicted By A Red Rectangle)

14
15
16
17
18
19
20
21
22
23

Fig. 8(b) – Compare to SKECHERS GO WALK® Trade Dress Curvature Outline In Flat Lock Stitching Emanating From The Lateral Side Of The Toe Cap And Terminating In The Mid-Foot Area In A Downward Curve Along The Lateral Side Of The Shoe Upper (Depicted By A Green Rectangle)

24
25
26
27
28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9



Fig. 9(a) – Fila AMAZEN MEMORY MOC's Curvature Outline In Flat Lock Stitching Emanating From The Medial Side Of The Toe Cap And Terminating In The Mid-Foot Area In A Downward Curve Along The Medial Side Of The Shoe Upper (Depicted By A Red Rectangle)



Fig. 9(b) – Compare to SKECHERS GO WALK® Trade Dress Curvature Outline In Flat Lock Stitching Emanating From The Medial Side Of The Toe Cap And Terminating In The Mid-Foot Area In A Downward Curve Along The Medial Side Of The Shoe Upper (Depicted By A Green Rectangle)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL



Fig. 10(a) – Fila AMAZEN MEMORY MOC's Curvature Outline In Flat Lock Stitching On Both The Medial And Lateral Sides Of The Heel Area (Depicted By Red Rectangles)




Fig. 10(b) – Compare to SKECHERS GO WALK® Trade Dress Curvature Outline In Flat Lock Stitching On Both The Medial And Lateral Sides Of The Heel Area (Depicted By Green Rectangles)

-17-



Fig. 11(a) - Fila AMAZEN MEMORY MOC's

Reduced Toe Cap Edging at the Edge of the Upper Toe Line (Depicted by a Red Oval)



Fig. 11(b) – Compare to SKECHERS GO WALK® Trade Dress Reduced Toe Cap

Edging at the Edge of the Upper Toe Line (Depicted by a Green Oval)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON
LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11



12   Fig. 12(a) – Fila AMAZEN MEMORY MOC's Hole In The Back Of The Shoe

13   (Depicted by a Red Rectangle)

14
15
16
17
18
19
20
21
22
23
24
25



26   Fig. 12(b) – Compare to SKECHERS GO WALK® Trade Dress Iconic Portal Hole In

27   The Back Of The Shoe (Depicted by a Green Rectangle)

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

27.     By using Skechers' SKECHERS GO WALK® shoe trade dress on defendant's shoes, defendant deceives consumers into buying defendant's shoes in the mistaken belief that defendant's shoes emanate from Skechers and are genuine Skechers shoes.

28.     Skechers provided written notice of its claims of infringement to defendant Fila on July 19, 2013.  Despite Fila's agreement to cease manufacture of the AMAZEN MEMORY MOC  (Version 1), and redesign its AMAZEN MEMORY MOC shoe, Version 1 of the infringing AMAZEN MEMORY MOC shoe is still available for purchase nearly one year after Skechers' written notice.

29.     Defendant Fila's redesigned AMAZEN MEMORY MOC (Version 2) has been, and presently is infringing Skechers' '884 patent.

## FIRST CAUSE OF ACTION

### [Design Patent Infringement, Patent No. US D661,884 S]

30.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

31.     On June 19, 2012, the United States Patent and Trademark Office issued United States Patent, Patent No. US D661,884 S (the " '884 patent") therefore to Skechers.  At all times since the date of issue of the '884 patent, Skechers has been, and currently is, the exclusive owner of the entire right, title and interest in and to the '884 patent.  Skechers' ownership of the '884 patent includes without limitation the exclusive right to enforce the '884 patent, the exclusive right to file actions based on infringement of the '884 patent, and the exclusive right to recover damages or other monetary amounts for infringement of the '884 patent and to be awarded injunctive relief pertaining to the '884 patent.  Skechers has owned the '884 patent at all times during defendant's infringement of the '884 patent.

32.     Defendant has been, and presently is, infringing the '884 patent within this judicial district and elsewhere by making and selling shoes that embody the patented invention disclosed in the '884 patent.  Defendant's infringement of the '884 patent is willful.  Defendant's infringing shoes include, at least, the models identified by defendant Fila as the AMAZEN MEMORY MOC shoe (Versions 1 and 2).  Defendant will continue to manufacture and sell their AMAZEN MEMORY MOC shoes unless enjoined by this Court.

33.     The shoe upper of defendant's AMAZEN MEMORY MOC shoe (Versions 1 and 2) so closely resembles the invention disclosed in the '884 patent that an ordinary observer would be deceived into purchasing the AMAZEN MEMORY MOC shoe in the mistaken belief that it includes the invention disclosed in the '884 patent.  Defendant's AMAZEN MEMORY MOC shoe infringes the '884 patent in violation of 35 U.S.C. §§271 and 289.

34.     Due to Defendant's infringement of the '884 patent, Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against defendant's further infringing conduct.

35.     Defendant has profited and is profiting from its infringement of the '884 patent and Skechers has been and is being damaged and losing profit by such infringement.  Skechers is therefore entitled to recover damages from the defendant and the total profit derived from such infringement, all in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[Design Patent Infringement, Patent No. US D688,446 S]

36.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, (3) FEDERAL DILUTION, AND (4) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

37.     On August 27, 2013, the United States Patent and Trademark Office issued United States Patent, Patent No. US D688,446 S (the " '446 patent") therefore to Skechers.  At all times since the date of issue of the '446 patent, Skechers has been, and currently is, the exclusive owner of the entire right, title and interest in and to the '446 patent.  Skechers' ownership of the '446 patent includes without limitation the exclusive right to enforce the '446 patent, the exclusive right to file actions based on infringement of the '446 patent, and the exclusive right to recover damages or other monetary amounts for infringement of the '446 patent and to be awarded injunctive relief pertaining to the '446 patent.  Skechers has owned the '446 patent at all times during defendant's infringement of the '446 patent.

38.     Defendant has been, and presently is, infringing the '446 patent within this judicial district and elsewhere by making and selling shoes that embody the patented invention disclosed in the '446 patent.  Defendant's infringement of the '446 patent is willful.  Defendant's infringing shoes include, at least, the models identified by defendant Fila as the AMAZEN MEMORY MOC shoe (Version 1).  Defendant will continue to manufacture and sell their AMAZEN MEMORY MOC shoes unless enjoined by this Court.

39.     The shoe upper of defendant's AMAZEN MEMORY MOC shoe (Version 1) so closely resembles the invention disclosed in the '446 patent that an ordinary observer would be deceived into purchasing the AMAZEN MEMORY MOC shoe in the mistaken belief that it includes the invention disclosed in the '446 patent.  Defendant's AMAZEN MEMORY MOC shoe infringes the '446 patent in violation of 35 U.S.C. §§271 and 289.

40.     Due to Defendant's infringement of the '446 patent, Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against defendant's further infringing conduct.

41.     Defendant has profited and is profiting from its infringement of the '446 patent and Skechers has been and is being damaged and losing profit by such infringement.  Skechers is therefore entitled to recover damages from the defendant and the total profit derived from such infringement, all in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

[SKECHERS GO WALK® Shoe Trade Dress - Federal Unfair Competition and Trade Dress Infringement; 15 U.S.C. § 1125(a)]

42.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

43.     Skechers has acquired exclusive and protectable trade dress rights embodied in its SKECHERS GO WALK® shoe trade dress.   By the acts and omissions set forth above, defendant is violating Lanham Act § 43(a), 15 U.S.C. § 1125(a) and is unfairly competing with Skechers.  Defendant's use in commerce of the SKECHERS GO WALK® shoe trade dress on its AMAZEN MEMORY MOC shoe (Version 1) constitutes a false designation of origin and a false and misleading representation of fact which is likely to cause confusion, and to cause mistake, and to deceive by wrongly suggesting that defendant's AMAZEN MEMORY MOC shoe has some affiliation, connection, or association with Skechers. Such use by defendant of its AMAZEN MEMORY MOC shoe is also likely to cause confusion, and to cause mistake, and to deceive as to the origin, sponsorship, or approval of defendant's AMAZEN MEMORY MOC shoe.  Such use by defendant of its AMAZEN MEMORY MOC shoe constitutes trade dress infringement in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

44.     Defendant has infringed, and continues to infringe, Skechers' SKECHERS GO WALK® shoe trade dress with Defendant's AMAZEN MEMORY MOC shoe (Version 1).

-23-

45.    Defendant's conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Skechers' ability to sell and profit from its SKECHERS GO WALK® shoe trade dress.

46.    Defendant's conduct as described above is also likely to harm or extinguish the current ability of Skechers' SKECHERS GO WALK® shoe trade dress to indicate that that trade dress emanates from a single source.  Defendant's conduct as described above harms the goodwill and reputation associated with Skechers' SKECHERS GO WALK® shoe trade dress.

47.    Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against defendant's further infringing conduct.

48.    Defendant has profited and is profiting from such trade dress infringement and unfair competition, and Skechers has been and is being damaged and losing profit by such infringement and unfair competition.  Skechers is therefore entitled to recover damages and profits from defendant in an amount to be proved at trial as a consequence of defendant's violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## FOURTH CAUSE OF ACTION

### [Federal Dilution 15 U.S.C. § 1125(c)]

49.    Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

50.    Skechers has acquired exclusive and protectable trade dress rights embodied in its SKECHERS GO WALK® shoe trade dress.  The SKECHERS GO WALK® shoe trade dress is widely recognized by the general consuming public as a designation of source of the goods as emanating from Skechers.

51.    Defendant Fila's acts began after Skechers' trade dress became famous.  By the acts and omissions set forth above, defendant is violating Lanham Act § 43(c), 15

U.S.C. § 1125(c) and is causing dilution of the distinctive quality of Skechers' famous trade dress by blurring and tarnishing Skechers' famous trade dress.

52.     Defendant Fila's use in commerce of the SKECHERS GO WALK® shoe trade dress on its AMAZEN MEMORY MOC shoe (Version 1) has impaired and continues to impair the distinctiveness of the famous SKECHERS GO WALK® shoe trade dress.

53.     Defendant Fila's use in commerce of the SKECHERS GO WALK® shoe trade dress on its AMAZEN MEMORY MOC shoe (Version 1) has harmed and continues to cause harm to Skechers' reputation by wrongly suggesting that defendant's AMAZEN MEMORY MOC shoe has some affiliation, connection, or association with Skechers.

54.     Defendant Fila's use in commerce of the SKECHERS GO WALK® shoe trade dress is willful, wanton and intentional.

55.     Defendant's conduct as described above is also likely to harm or extinguish the current ability of Skechers' SKECHERS GO WALK® shoe trade dress to indicate that that trade dress emanates from a single source.  Defendant's conduct as described above harms the goodwill and reputation associated with Skechers' SKECHERS GO WALK® shoe trade dress.

56.     Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against defendant's further infringing conduct.

57.     Defendant has profited and is profiting from such dilution, and Skechers has been and is being damaged and losing profit by such dilution.  Skechers is therefore entitled to recover damages and profits from defendant in an amount to be proved at trial as a consequence of defendant's violations of Lanham Act § 43(c), 15 U.S.C. § 1125(c).

## FIFTH CAUSE OF ACTION

### [Common Law Unfair Competition]

58.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

59.     Defendant is willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are passing off, their infringing footwear as those approved and/or authorized by Skechers.

60.     Defendant's use in commerce of the AMAZEN MEMORY MOC shoe continues to confuse and deceive consumers as to the source of origin of the goods and services for which Skechers has invested substantial time, effort and money in developing and further damages Skechers' goodwill and reputation.

61.     Defendant has been palming off their goods as Skechers' goods. Consumers have been and continue to be confused as to whether defendant's AMAZEN MEMORY MOC shoe is affiliated with Skechers.

62.     The damage suffered by Skechers is irreparable and will continue unless defendant is restrained by this Court from the commission of these acts.

63.     Defendant's willful, deliberate and malicious conduct constitutes unfair competition with Skechers.

64.     Such conduct by defendant is the sole reason for defendant's ability to market and sell their unauthorized copies of shoes that embody Skechers' SKECHERS GO WALK® shoe trade dress.

65.     Defendant is being unjustly enriched through such flagrantly unlawful conduct and should be punished therefor.

66.     Skechers has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable harm to Skechers should defendant not be enjoined from its acts of unfair competition.

67.   A complete recitation of the damages suffered by Skechers as a result of this unfair competition must await discovery of defendant's books and records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully demand a judgment against defendant as follows:

1.   A judgment declaring that defendant has:

    a.  Infringed Skechers' '884  patent;

    b.  Infringed Skechers' '446 patent;

    c.  Infringed Skechers' SKECHERS GO WALK® shoe trade dress;

    d.  Diluted Skechers' SKECHERS GO WALK® shoe trade dress;

    e.  Competed unfairly with Skechers;

    f.  Injured Skechers' business reputation by the unauthorized use of Skechers' SKECHERS GO WALK® shoe trade dress;

    g.  Willfully violated the applicable laws of the United States and of the states where defendant's goods have been sold, all to the detriment of Skechers;

2.   That the defendant, its officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a.  Infringing or inducing infringement of the Skechers' '884  patent;

    b.  Infringing or inducing infringement of the Skechers' '446 patent;

    c.  Infringing or inducing infringement of Skechers' SKECHERS GO WALK® shoe trade dress;

    d.  Diluting or causing dilution of Skechers' SKECHERS GO WALK® shoe trade dress;

    e.  Using Skechers' SKECHERS GO WALK® shoe trade dress alone or in combination with any other elements, to advertise or identify defendant's goods or services;

f.  Unfairly competing with Skechers in any manner whatsoever;

g.  Causing likelihood of confusion, or injury to Skechers' business and to the reputation of Skechers' marks, symbols, labels, or forms of advertising or promotion;

h.  Engaging in any acts or activities directly or indirectly calculated to trade upon Skechers' SKECHERS GO WALK® shoe trade dress or the reputation or goodwill of Skechers, or in any way to compete unfairly with Skechers;

3.  For a judgment directing that any shoes, goods, labels, emblems or packaging in the possession or under the control of defendant which infringe the '884 patent, the '446 patent or any colorable imitation or facsimile thereof, but not emanating from Skechers, be delivered up and destroyed within 10 days of entry of judgment, and that all instrumentalities used in the production of such shoes, goods, labels, emblems or packaging, including any and all items, objects, tools, machines, and equipment used in such production, be delivered up and destroyed within 10 days of entry of judgment;

4.  For a judgment directing defendant to recall all infringing goods and any other materials sold, distributed, advertised or marketed which infringe any and all of the '884 patent, the '446 patent, or any colorable imitation or facsimile thereof, but not emanating from Skechers;

5.  For a judgment against defendant awarding Skechers damages, lost profits, reasonable royalties, and other monetary amounts including without limitation:

a.  All damages sustained by Skechers as a result of defendant's unlawful infringement of the '884 patent, and the '446 patent, together with appropriate interest on such damages and that such damages be trebled, pursuant to 35 U.S.C. § 284;

b.  Defendant's total profit from defendant's sales of footwear that infringes the '884 patent, the '446 patent, and all other remedies provided by 35 U.S.C. § 289;

-28-

c. All remedies provided for by 15 U.S.C. § 1117, including but not limited to all damages sustained by Skechers as a result of defendant's unlawful infringement of the Skechers' SKECHERS GO WALK® trade dress together with appropriate interest on such damages and that such damages be trebled;

d. All remedies provided for by 15 U.S.C. § 1117, including but not limited to all profits derived by defendant from the sale of goods by the direct or indirect use of any of the shoes that embody Skechers' SKECHERS GO WALK® trade dress or any colorable imitations or facsimiles thereof, and that such profits be trebled;

e. All remedies provided for by 15 U.S.C. § 1118;

f. All damages sustained by Skechers on account of unfair competition, lost business opportunities and any other damage suffered by Skechers as a result of defendant's acts described in this complaint, and that such damages be trebled;

6. For an order directing defendant to pay punitive damages to Skechers;

7. For an order directing defendant to pay restitution to Skechers;

8. For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 and pursuant to 35 U.S.C. § 285;

9. For an award of pre-judgment interest at the maximum rate allowed by law;

10. For the costs of suit herein; and

11. For such additional and further relief that the Court may deem just and proper under the circumstances.

KLEINBERG & LERNER, LLP

July 1, 2014          By: _____
                              Marshall A. Lerner

Attorney for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

-29-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

KLEINBERG & LERNER, LLP

July ___, 2014                    By: _____
                                       Marshall A. Lerner

Attorney for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

-30-